IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DOUGLAS E. HUMPHREY,                    :
                                        :
            Petitioner                  :
                                        :
      v.                                :   CIVIL NO. 3:CV-12-23
                                        :
BASIL L. MERENDA,                       :   (Judge Conaboy)    FILED
                                        :                      SCRANTON
            Respondent                  :

                                                       JAN 1 0 2012

                                            PER_____
                    **MEMORANDUM**              DEPUTY CLERK
                    **Background**

     Douglas E. Humphrey, an inmate presently confined at the
Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-
Fayette), initiated this pro se "Petition for Writ in Mandamus."
Doc. 1, p. 1.  Named as sole Respondent is Basil L. Merenda who is
described as being an employee of the Pennsylvania Department of
State.[1]  Petitioner's action includes an informal request for
leave to proceed in forma pauperis.  See id. at p. 6.  Humphrey
will be granted leave to proceed in forma pauperis for the sole
purpose of the filing of his action with this court.

     According to the Petition, Humphrey "initiated a private
independent administrative process ... against an agent of the
Commonwealth of Pennsylvania" on October 30, 2009 via certified
mail.  Id. at ¶ 4.  Petitioner adds that on September 30, 2010 he

_____

1.  There is no specific information provided regarding Merenda,
rather, the Petition indicates only that Respondent is employed by
the Pennsylvania Department of State.

filed a 134 page "inter parties agreements" in association with the New York State Dept. of State.  Id., ¶ 7.  The Petition indicates that Humphrey subsequently attempted to file a copy of that submission with the Respondent on November 3, 2010.  However, Respondent allegedly rejected Humphrey's filing one day later on the basis that the filing office was unable to read or decipher the information contained therein.  See id., ¶ 10.  Petitioner is presumably asserting that the Respondent acted in an unconstitutional manner and failed to perform a non-discretionary duty by rejecting his filing.  As relief, Humphrey requests that Respondent be compelled to file his submission and that the contents thereof be given full faith and credit.  Petitioner is also seeking an award of compensatory damages.[2]

### Discussion

The only federal statute under which a party may seek mandamus relief from a federal court is 28 U.S.C. § 1361.  It provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

As discussed above, Petitioner's pending action is requesting that this Court compel a Pennsylvania state official to perform an action.  Pursuant to § 1361, Humphrey cannot obtain mandamus type relief against a Pennsylvania state official in

---

2.   The appropriate vehicle for Humphrey to pursue a request for compensatory damages would be the initiation of a civil rights complaint.

2

federal court.  Consequently, this mandamus action is subject to
dismissal without prejudice for lack of jurisdiction.  See Brown v.
Beard, Civ. No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Pa. Feb.
25, 2009)(McClure, J.).

Moreover, mandamus relief is a drastic measure which is only
granted in extraordinary situations and where the petitioner has
satisfied his burden of establishing a clear and indisputable right
to relief.  Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996)
(quoting Allied Chem. Corp v. Daiflon, Inc., 449 U.S. 33, 34-35
(1980)); see also Doyle v. Young, 2010 WL 2178514 *1 (3d Cir. June
1, 2010); Kerr v. United States Dist. Court, 426 U.S. 394, 403
(1976).  It was also noted that relief is only available if the
applicant has exhausted all other avenues of relief, is owed a
"clear nondiscretionary duty," and has no other adequate means to
attain the relief he desires.  Heckler v. Ringer, 466 U.S. 602, 616
(1984).

Although Humphrey cannot present a viable mandamus action
against Pennsylvania state officials in federal court, he is not
without recourse.  He may be able to pursue an action for mandamus
relief in the Pennsylvania state court system.  He may also be able
to pursue a civil rights action in federal court against an
appropriate state official.  See Wilkinson v. Dotson, 544 U.S. 74,
81-82 (2005).  In addition, Humphrey has also not adequately
established that he is owed a clear non-discretionary duty by the
named Respondent.

### Conclusion

Pursuant to the reasons set forth herein, it is apparent

3

that Humphrey cannot obtain mandamus relief against a Pennsylvania
state official, he has also failed to establish a clear and
undisputable right to the requested relief and has alternate
available remedies.  Accordingly, the mandamus petition will be
dismissed without prejudice.  <u>See</u> <u>Weldon v. U.S. Attorney for the</u>
<u>Middle District</u>, 2008 WL 4427199 *1 (3d Cir. Oct. 2, 2008).   An
appropriate Order will enter.


RICHARD P. CONABOY
United States District Judge


DATED: JANUARY 9 , 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS E. HUMPHREY,          :
                              :
          Petitioner          :
                              :
     v.                       :     CIVIL NO. 3:CV-12-23
                              :
                              :     (Judge Conaboy)
BASIL L. MERENDA,             :
                              :
          Respondent          :

_____

**ORDER**

     AND NOW, THEREFORE, THIS 9ᵗʰ DAY OF JANUARY, 2012, in

accordance with the accompanying Memorandum, IT IS HEREBY ORDERED

THAT:

> 1.  Petitioner is granted temporary leave to proceed
>     in forma pauperis for the sole purpose of the
>     filing of this action.
>
> 2.  Humphrey's petition for writ of mandamus is
>     **DISMISSED WITHOUT PREJUDICE**.
>
> 3.  The Clerk of Court is directed to **CLOSE** the case.
>
> 4.  Any appeal from this Order will be deemed
>     frivolous, without probable cause and not taken in
>     good faith.

RICHARD P. CONABOY
United States District Judge

5